UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION

| | | |
|---|---|---|
| ROBERT SHARP,<br>　　Plaintiff, | §<br>§<br>§ | |
| vs. | § | CIVIL ACTION NO. 7:17-CV-91 |
| | § | |
| ABP, INC.; AND<br>PHILLIP ARTHER,<br>　　Defendants. | §<br>§<br>§ | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Plaintiff Robert Sharp ("Plaintiff") files this Original Complaint, and respectfully shows as follows:

**I.　　PRELIMINARY STATEMENT**

1.　　Plaintiff previously worked as an employee for Defendant ABP, Inc. ("ABP"), which is owned and controlled by Phillip Arther (ABP and Mr. Arther are referred to as "Defendants").

2.　　Plaintiff brings this action to recover overtime compensation and all other available remedies under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. 201 *et. seq.* (the "FLSA").

3.　　For at least three years prior to the filing of this Complaint, Defendants willfully committed violations of the FLSA by failing to pay Plaintiff for overtime hours worked in excess of forty hours per week at a rate of one and one-half times his regular rate of pay. In addition,

Defendants wrongfully terminated Plaintiff after he complained of Defendant's illegal policy of refusing to pay Plaintiff overtime.

## II. PARTIES

4. Plaintiff is an individual residing in Texas.

5. ABP is a Texas corporation which may be served through its registered agent, Phillip Arther, 951 E. Main, Eastland, TX 76448.

6. Phillip Arther is a Texas resident who may be served at 951 E. Main, Eastland, TX 76448, or where found.

## III. JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this civil action arises under the Constitution, laws, or treaties of the United States; specifically, the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et. seq. Jurisdiction is further conferred on this Court by the provisions of 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any Act of Congress regulating commerce..."

8. This Court has personal jurisdiction over Defendants because they are Texas residents. This Court's assertion of jurisdiction over Defendants would not offend traditional notions of fair play and substantial justice.

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because, as provided below, a substantial part of the events or omissions giving rise to this claim occurred in this judicial district.

## IV. COVERAGE

10. At all relevant times times, Defendants have been an employer of Plaintiff within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

11. ABP was unquestionably an "employer" or "joint employer" of Plaintiff. Specifically, Plaintiff performed work on jobs for ABP, he was told where to go and what to do on such jobs by employees of ABP, he was required to adhere to employment policies of ABP, and he was paid by ABP.

12. Phillip Arther was also an "employer" or "joint employer" of Plaintiff. Mr. Arther is the founder, majority owner and the primary decision-maker of ABP. According to documents on file with the Texas Secretary of State, Mr. Arther is the President of the company. Mr. Arther is responsible for making employment decisions at ABP (he has the power to hire and fire ABP employees and he directly oversees supervisors who likewise have such power). Mr. Arther also controls employee work schedules and conditions of employment by creating, reviewing and/or approving policies applicable to ABP employees (including but not limited to Plaintiff), such as the employee handbook and other written and/or unwritten employee policies. Mr. Arther also made or approved the decision to characterize Plaintiff as exempt and to pay him a day rate, with no additional compensation for hours worked above forty in a week. Finally, Mr. Arther is a custodian of ABP's payroll and other HR records, as they are maintained by those working under his supervision. As such, Mr. Arther is an employer or a joint employer of Plaintiff.

13. At all relevant times, Defendants have operated an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

14. At all relevant times, Defendants have operated an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had an annual gross sales volume of sales made or business done of not less than $500,000.

15. At all relevant times, Plaintiff was an employee for Defendants who was engaged in commerce or in the production of goods for commerce.

## V. FACTUAL BACKGROUND

16. ABP performs testing on fiberoptic networks for customers in Texas and across the country. Plaintiff was employed by Defendants as a "Fiberoptic Technician," and primarily performed manual labor related to the testing of fiberoptic networks. Plaintiff worked for Defendants from early 2012 until March 13, 2017. Plaintiff did not possess the power to hire or fire other employees, nor was he given any input regarding personnel matters.

17. While employed by Defendants, Plaintiff routinely worked for 5-7 days a week, often working 60 hours in a week, if not more. Instead of paying him overtime, Defendants paid Plaintiff a day rate, with no additional pay for hours worked above 40 in a week.

18. As set forth herein, Defendants have violated, and are violating, Section 7 of the FLSA, 29 U.S.C. § 207, by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than

40 hours without compensating such employees for their employment in excess of 40 hours per week at rates no less than one and a half times the regular rate for which he was employed.

19. No exemption excuses Defendants from paying Plaintiff overtime rates under the FLSA. Defendants have failed to make a good faith effort to comply with the FLSA. Instead, Defendants knowingly, willfully or with reckless disregard carried out its illegal pattern or practice regarding overtime compensation. Specifically, Defendants knew or should have known that Plaintiff was working more than 40 hours per week, and Defendants consciously chose not to pay Plaintiff overtime for the hours worked above 40 each week. Plaintiff is entitled to liquidated damages (and Plaintiff is entitled to go back three years for the FLSA claims) as a result of such conduct.

20. In addition, Plaintiff was wrongfully terminated after complaining that he was owed overtime pay by the company. Mr. Sharp voiced these concerns to both Phillip Arthur as well as another employee, Keith Bradshaw. Shortly before he was fired, ABP's President, Phillip Arther, provided him with a letter which told Mr. Sharp to find another job if he could not accept Defendants' illegal practice of refusing to pay overtime. In the letter, dated January 5, 2017, Mr. Arther stated "You have said to me, an have recently had words with Keith saying 'I CHEAT YOU' and 'Don't Pay You what I should or that You are Working for Free' IF you don't like your Wages, and think I am Cheating You - Then I suppose you Need to Find Another Job."[1] Less than three months later, after he was required to train his replacement, Mr. Sharp was fired by the company because of his complaints about being owed overtime pay by the company.

---

[1] Mis-capitalization and typographical errors in the original.

21. Pursuant to the FLSA, Plaintiff is entitled to recover all reasonable attorney's fees and costs incurred in this action.

## VI. CAUSES OF ACTION

### *Count One - Violations of the FLSA*

22. The foregoing allegations are incorporated herein by reference.

23. Plaintiff was a non-exempt employee of Defendants.

24. Plaintiff was entitled to overtime pay for all hours in excess of forty worked during each seven-day workweek.

25. Defendants violated 29 U.S.C. § 201 et. seq. by failing to pay Plaintiff overtime compensation at a rate of one-and-a-half times the appropriate regular rate.

26. In further violation of the FLSA, Defendants failed to maintain accurate employee pay records, including the number of hours worked per workweek by Plaintiff.

27. Plaintiff seeks all unpaid overtime compensation and an additional equal amount as liquidated damages for a period of three years from the date of the filing of this complaint, as well as reasonable attorney's fees, costs and litigation expenses, including expert witness fees, as provided by 29 U.S.C. § 216(b), along with pre- and post-judgment interest at the highest rate allowed by law.

### *Count Two - FLSA Retaliation*

28. The foregoing allegations are incorporated herein by reference.

29. Plaintiff Michael Sharp participated in protected activity when he complained about being paid a flat daily rate and not being paid overtime.

30. Defendants retaliated against Mr. Sharp for engaging in this protected activity by discharging him.

31. By doing so, Defendants violated 29 U.S.C. § 215(a)(3) and are liable for all damages caused to Mr. Sharp as a result of the retaliatory act, an additional amount as liquidated damages, as well as emotional distress and mental anguish damages, reasonable attorney's fees, costs and litigation expenses, including expert witness fees, as provided by 29 U.S.C. § 261(b), along with pre- and post-judgment interest at the highest rate allowed by law.

## VII. JURY DEMAND

32. Plaintiff hereby demands a trial by jury in this matter.

## VIII. RELIEF SOUGHT

WHEREFORE, Plaintiff respectfully requests that on final hearing, Plaintiff be awarded:

a. Unpaid overtime wages for all hours worked in excess of forty hours in a workweek at the rate of one and one-half times the employee's regular rate of pay;
b. Liquidated damages in an amount equal to the unpaid overtime compensation;
c. Attorney's fees, costs and expenses;
d. Pre- and post-judgment interest at the highest rates allowed by law; and
e. All other relief, at law or in equity, to which he may be justly entitled.
f. Compensation for wages and fringe benefits lost in the past (back pay);
g. Compensation for wages and fringe benefits lost in the future (front pay);
h. Liquidated damages in an amount equal to the front and back pay;
i. Punitive damages;
j. Emotional distress and mental anguish damages;
k. Attorney's fees, costs and expenses;
l. Pre- and post-judgment interest at the highest rates allowed by law; and
m. All other relief, at law or in equity, to which he may be justly entitled.

Respectfully submitted,

By: /s/ Josh Borsellino
Josh Borsellino
State Bar No. 24045532
Borsellino, P.C.
1020 Macon St., Suite 15
Fort Worth, Texas 76102
Telephone: (817) 908-9861
Facsimile: (817) 394-2412
Email: josh@dfwcounsel.com